**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| GEORGE S. | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:22-CV-169-JVB |
| | ) | |
| KILOLO KIJAKAZI, Acting Commissioner | ) | |
| of the Social Security Administration, | ) | |
| Defendant. | ) | |

**<u>OPINION AND ORDER</u>**

Plaintiff George S. seeks judicial review of the Social Security Commissioner's decision denying his applications for disability insurance benefits and supplemental security income and asks this Court to reverse that decision and remand this matter to the agency. For the reasons below, the Court grants Plaintiff's request, reverses the Administrative Law Judge's decision, and remands this matter for further administrative proceedings.

**PROCEDURAL BACKGROUND**

In Plaintiff's July 1, 2020 applications for benefits, he alleged that he became disabled on March 20, 2018. After a November 30, 2021 hearing, the Administrative Law Judge (ALJ) issued her decision on January 10, 2022, finding that Plaintiff had the severe impairments of history of depression, anxiety, and posttraumatic stress disorder (PTSD). (AR 18). The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment, and further determined that Plaintiff had the residual functional capacity (RFC) to perform a full range of work at all exertional levels but with the following nonexertional limitations:

> with work that can be learned in 30 days, or less, with simple routine tasks, wish simple work related decisions; routine work place changes; and no work outdoors. The claimant can remain on task in two-hour increments. With occasional

interaction with coworkers and supervisors, and no interaction with the general public.

(AR 20). The ALJ determined that Plaintiff could not perform his past relevant work but was able to perform the job requirements of the representative occupations of floor waxer, kitchen helper, and motor vehicle assembler. (AR 24-25). Accordingly, the ALJ found Plaintiff to not be disabled from March 20, 2018, through January 10, 2022—the date of the ALJ's decision. (AR 25). This decision became final when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act. 20 C.F.R. § 1520(a)(4). The first step is determining whether the claimant is engaged in substantial gainful activity. If the claimant is, then the claimant is found to be not disabled. *Id.* § 1520(a)(4)(i). The remaining steps are:

> whether the claimant has a severe impairment; whether the claimant's impairment is one that the Commissioner considers conclusively disabling; if the claimant does not have a conclusively disabling impairment, whether [they] can perform [their] past relevant work; and whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012) (index numbers omitted). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff argues that the ALJ erred and that her decision should be reversed because the ALJ erred in evaluating his impairments (including evaluating them in combination), in considering his social interaction and concentration, persistence, and pace limitations, and in analyzing his subjective symptoms. The Court finds the argument on social interaction limitations to resolve this matter.

At step four of the sequential evaluation, an ALJ must assess a claimant's RFC. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004) ("The RFC is an assessment of what work-related activities the claimant can perform despite [their] limitations."); *see also* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). In evaluating a claimant's RFC, an ALJ is expected to take into consideration all of the relevant evidence, including both medical and non-medical evidence. *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The ALJ must evaluate and explain the persuasiveness of every medical opinion in the record. 20 C.F.R. §§ 404.1520c, 416.920c.

"A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in the following abilities:" performing physical demands of work activities (e.g., sitting, standing); performing mental demands of work activities (e.g., understanding, remembering); performing other demands of work (e.g., seeing, hearing); and, adapting to environmental conditions (e.g., temperature extremes, fumes). 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2).

When an ALJ evaluates medical opinions, the most important factors to consider are supportability and consistency, and the remaining factors are relationship with the claimant, specialization, and "other factors." 20 C.F.R. §§ 404.1520c, 416.920c. "Supportability" considers to what extent an opinion is based on objective medical evidence and supporting explanations. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). "Consistency" considers to what extent an opinion is consistent with the evidence from other sources. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

The ALJ found that Plaintiff has a moderate limitation in interacting with others. (AR 19). One state agency psychologist, Dr. Lovko, concluded that Plaintiff was limited to "brief" supervision and interaction with coworkers and work situations as a result of his moderate limitation in social interaction. (AR 75). Another state agency psychologist, Dr. Unversaw, opined that Plaintiff could only tolerate "superficial and ongoing" interactions with coworkers and supervisors and "would work best alone, in semi-isolation from others or as part of a small group." (AR 102-03). The ALJ only addressed these opinions regarding their findings about Plaintiff's ability to concentrate, persist, and maintain pace and not the social interaction findings. (AR 23). Still, the ALJ found the state agency opinions[1] "generally persuasive." (AR 23). Even if this comment about general persuasiveness can be considered a sufficient analysis under the regulations of the entire opinions, the ALJ still erred by failing to construct a logical bridge.

In the RFC, the ALJ found that Plaintiff's social interaction abilities were limited to "occasional interaction with coworkers and supervisors, and no interaction with the general public." (AR 20). The ALJ is silent on the opinion that Plaintiff would work best alone or in a small group.

---

[1] The ALJ refers to a singular "opinion," but cites both the initial and reconsideration opinions. *See* (AR 23).

There is no indication of how the ALJ, starting from either the opinion of brief supervision and interaction or the opinion of superficial and ongoing interaction, determined that Plaintiff can have occasional interaction of unlimited depth. *See also Hulett v. Acting Comm'r of Social Security*, No. 3:21-cv-971, 2022 WL 18399609, at *3-4 (N.D. Ind. Dec. 19, 2022) (finding "brief" and "occasional" are not interchangeable terms regarding social interaction limitations in an RFC); *accord Bishton v. Kijakazi*, No. 2:20-cv-136, 2021 WL 5564309, at *8 (N.D. Ind. Nov. 29, 2021) ("[T]he limitation to 'brief interaction' goes to the intensity or quality of the interaction while 'occasionally' goes to quantity of time spent with the individuals."). The ALJ provides no analysis of the social interaction portion of either opinion. The Court finds no implicit bridge, either. Under Social Security Ruling 83-10, "occasionally" means that the specified activity is performed for up to one third of an eight-hour workday. The ALJ found limitations on neither the duration of any one interaction (which would account for the opinion regarding brevity) nor the depth of the interactions (which would account for the opinion regarding superficiality).

The ALJ's decision must be remanded for this error, as the step 5 finding relies on hypothetical questions built on this RFC that lacks a logical bridge. In the interest of judicial economy, the Court declines to address Plaintiff's other arguments in full but briefly notes the following areas of concern.

The ALJ wrote that "claimant's treating source who prescribes his medication" did not report a diagnosis of agoraphobia. (AR 18). The ALJ failed to note that multiple medical professionals did report a diagnosis of agoraphobia in Plaintiff's medical records. *See, e.g.*, (AR 739 (Jay Patel, MD), 773 (Syed Mumtaz, MD), 858 (David Paris, MD), 1219 (Mont Roberts, DO)).

The ALJ does not address Plaintiff's difficulty involving sleep, despite multiple complaints in the record. *See* (AR 699 (sleeping up to 20 hours at a time), 942 (prescription for Seroquel to address poor sleep and anxiety), 1312 (Insomnia Severity Index score of 17), 1341 ("Insomnia Disorder AEB: Client suffers from dissatisfaction with sleep, difficulty falling asleep, staying asleep, difficulty with sleep irregularity, and fear of sleep."). She only notes that Plaintiff reported "severe" insomnia but stated that it only "somewhat" affected his functioning. (AR 20, 22). She does not address how this effect on his functioning implicates Plaintiff's RFC.

The Court is also concerned that the ALJ may have cherry-picked "normal" mental status findings from medical appointments related to physical health issues while ignoring abnormal findings—including clinical observations and examination findings—from his medical appointments related to mental health issues.

Further, the Court reminds the Commissioner and her ALJs that evidence provided by family members is still evidence worthy of consideration. *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); Social Security Ruling 16-3p.

## CONCLUSION

Based on the above, the Court hereby **GRANTS** the relief requested in Plaintiff's Opening Brief in Support of Complaint to Reverse the Decision of the Commissioner of Social Security [DE 14], **REVERSES** the final decision of the Commissioner of Social Security, and **REMANDS** this matter for further administrative proceedings.

SO ORDERED on April 21, 2023.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT

6